IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARL GOOSINOW,                       )
                                     )
            Plaintiff,               )
                                     )
     v.                              )    No.  07 C 5353
                                     )
MONTEREY FINANCIAL SERVICES, INC.,   )
                                     )
            Defendant.               )

## MEMORANDUM ORDER

Monterey Financial Services, Inc. ("Monterey") has filed its Answer, including several affirmative defenses ("ADs"), to the Fair Debt Collection Practices Act lawsuit brought against it by Carl Goosinow.  This memorandum order is issued sua sponte because of several problematic aspects of that responsive pleading, particularly disturbing because they emanate from a prestigious law firm with vast experience in the federal practice.

To begin with whenever Monterey's counsel sets out a properly-stated disclaimer pursuant to the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to get the benefit of a deemed denial (see Answer ¶¶2 and 13), that proper disclaimer concludes inappropriately with the phrase "and therefore denies same."[1] That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information

---

[1] Oddly enough, Answer ¶15 also follows the Rule 8(b) template, but this time without that inappropriate addition.

to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in the same objective good faith that is required by Rule 11(b)? Accordingly the quoted phrase is stricken from those paragraphs of the Answer.

Next, the Answer impermissibly violates the mandate set out in the first sentence of Rule 8(b) by labeling some of Goosinow's allegations as "legal conclusions" and then using that as an excuse for not answering them (see Answer ¶¶4-6, 30 and 31). Not so--see App. ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). On their face those allegations would appear to call for flat-out admissions, but to the extent that such may not be the case Monterey's counsel must explain why not.

Finally, Monterey's kitchen-sink collection of ADs also contains several flaws. Here they are:

1. AD 1, framed as the essential equivalent of a Rule 12(b)(6) motion, improperly urges the Complaint's lack of fact pleading, rather than adhering to the notice pleading regime applicable to federal practice. Moreover, once Goosinow's allegations are accepted as gospel, as they must be for Rule 8(c) purposes (see App. ¶5 to <u>State Farm</u>), any Rule 12(b)(6) attack fails.

2. Even if Goosinow has in fact suffered no actual damages from Monterey's claimed conduct (an assertion that

2

is improper at the pleading stage), Congress' enactment of a statutory damages provision calls for the striking of AD 2 in any event.

    3. AD 3 simply contains an unelaborated listing of several items from the laundry list contained in Rule 8(c). That violates the principle of notice pleading, which applies to defendants as well as to plaintiffs. AD 3 is also stricken, but this time permitting the possible reassertion of the defenses under the stated rubrics with sufficient explanation to put both Goosinow and this Court on notice of what Monterey really claims.

    4. AD 5 is directly at odds with Goosinow's allegations. Hence it cannot properly be advanced as an AD, and it too is stricken.

    5. AD 6 is subject to the same defect as AD 3, and it is accordingly stricken on the same terms.

    6. Lastly, Monterey's attempted reservation of a right to assert future amendments is meaningless and is also stricken. If at some future date Monterey does believe that it has some predicate for amendment, it must of course seek leave by an appropriate motion.

Because the matters identified here implicate so much of the Answer, it makes the most sense to require Monterey to replead via a self-contained Amended Answer. Accordingly the entire

present Answer is stricken, but with leave granted to replead on or before December 14, 2007. No charge is to be made to Monterey by its counsel for the added work and expense incurred in correcting counsel's errors. Those counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers purely as an informational matter (not for filing).

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date: November 29, 2007